**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

CHADWICK J. ST. LOUIS, :
    Plaintiff, :
     :
v. : Case No. 3:18cv1590(AWT)
     :
McCLAIN, ET AL., :
    Defendants. :

## **INITIAL REVIEW ORDER**

On September 24, 2018, the plaintiff, Chadwick J. St. Louis, an inmate currently housed at the Garner Correctional Institution in Newtown, Connecticut, filed a complaint pro se pursuant to 42 U.S.C. § 1983 against the following eight Connecticut Department of Correction ("DOC") and Correctional Managed Health Care officials for violating his constitutional rights: Correction Officer McClain, Lieutenant Roy, Disciplinary Hearing Officer Prior, District Administrator Quiros, Correction Officer LaMountain, Correction Officer Gerish, Dr. Lawlor, and Dr. Wu. See Compl. [Doc.#1]. The plaintiff is suing all defendants in their individual capacities for monetary, injunctive and declaratory relief. Id. For the following reason, his complaint is being dismissed with leave to amend.

I.  **<u>Legal Standard</u>**

Pursuant to 28 U.S.C. § 1915A, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atlantic</u>, 550 U.S. at 570.  Nevertheless, it is well-established that "<u>[p]ro se</u> complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'"  <u>Sykes v. Bank of America</u>, 723 F.3d 399, 403 (2d Cir. 2013) (quoting <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 474 (2d Cir. 2006)).

## II. Analysis

The plaintiff's complaint is grounded in four separate causes of action. He is suing defendants McClain, Roy, Prior, and Quiros for denying him due process and equal protection of the laws during a disciplinary violation hearing in February 2018, in which the charge was conveying contraband into the prison facility. See Compl. at 5-10, 22. He is suing defendants LaMountain and Gerish for their use of excessive force during a transport from the medical unit to his cell on March 8, 2018. See id. at 11-12, 22. He is suing Dr. Lawlor for refusing to renew his mental health medications in February and March 2018, despite numerous requests. See id. at 13, 22. Finally, he is suing Dr. Wu for implementing a policy in DOC facilities that deprived inmates of adequate mattresses. See id. at 14, 22.

Federal Rule of Civil Procedure 20 permits joinder of claims against multiple defendants only if two criteria are satisfied: (1) the claims "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences; and (2) "any question of law or fact common to all defendants will arise in the action." The four sets of claims raised in the plaintiff's complaint are wholly unrelated to one another. They involve separate events and

3

separate defendants and, thus, do not "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences." Therefore, the plaintiff has improperly joined multiple unrelated causes of action, and his complaint should be dismissed.

## ORDER

The Complaint is hereby **dismissed without prejudice** for noncompliance with Federal Rule of Civil Procedure 20. Within **thirty (30) days** from the date of this order, the plaintiff must file an amended complaint stating **ONE** of the four causes of action set forth in his initial complaint and explained above. The plaintiff may state the remaining three causes of action in separate lawsuits. **Failure to file an amended complaint that complies with this instruction within thirty (30) days from the date of this order will result in the dismissal of the action with prejudice.**

It is so ordered.

Dated this 30th day of October, 2018, at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge